## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. WINFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1022 CDP |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

Defendants ask the court to set aside yesterday's order and deny the stay of execution and preliminary injunction. They argue that new evidence renders this dispute moot. The new evidence they cite is that the declaration of Terry Cole has now actually been provided to the Governor for his consideration in Winfield's clemency request.

I will deny the motion to alter or amend, as I continue to believe that the case is not moot. Cole testified that he no longer wished to provide a statement in support of Winfield's clemency, and Winfield's counsel have indicated that because of that they did not include it in their clemency petition. The Missouri Department of Corrections sent the statement to the Governor after having obtained it as part of this litigation. The defendants also point out that numerous

press reports about the case are available to the Governor, should he care to consider them in his clemency determination.

As in *Young v. Hayes*, 218 F.3d 850 (8th Cir. 2000), a trier of fact could reasonably infer that Cole (and potentially other) employees of the Department of Corrections remain under a substantial restraint as a result of the earlier actions of the defendants. In *Young,* as here, publicity about the lawsuit itself would have informed the Governor of the employee's desire to provide a statement and what she wanted to say, and there the superior had withdrawn her threat to fire the employee. The Court of Appeals nevertheless concluded the issue was not moot. "The standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* at 852, quoting *United States v. Concentrated Phosphate Export Assn.,* 393 U.S. 199, 203 (1968). The defendants have not met this heavy burden. Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Alter or Amend Judgment [#19] is denied.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2014.